IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM D. TURNER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARTIN L. DRAGOVICH, *et al.* | : | NO.  99-3975 |

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS
CHIEF UNITED STATES MAGISTRATE JUDGE                             February 25, 2015

Presently before the court is a motion to alter or amend the judgment filed by William D. Turner ("Petitioner") pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)").  Petitioner is currently serving a life sentence at the State Correctional Institution-Frackville.  The Honorable Jeffrey L. Schmehl referred Petitioner's Rule 59(e) motion to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that Petitioner's motion be denied.

On May 30, 2000, the undersigned filed a Report and Recommendation ("First Report") which found that Petitioner's habeas corpus petition was time-barred.  The district court approved and adopted the First Report on July 25, 2000 and, on August 16, 2002, the Third Circuit affirmed that decision.  Next, on December 8, 2002, the U.S. Supreme Court denied *certiorari*.  *Turner v. Shannon*, 537 U.S. 1073 (2002).  Since then, Petitioner has filed several motions under Fed. R. Civ. P. 60 ("Rule 60"), seeking relief from the final judgment in this case. After Petitioner's last Rule 60 motion was denied, on March 28, 2014, he filed the instant Rule 59(e) motion.

Rule 59(e) allows the district court a very limited period of time, before the time to appeal the judgment expires, to correct any mistakes the court may have made in rendering the

judgment.[1]  *See Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011).  Once the time to appeal has expired, the only way to seek relief from a judgment in the district court is *via* Rule 60.  *See Blystone*, 664 F.3d at 413.  Petitioner has already appealed his judgment, albeit unsuccessfully, as well as sought Rule 60 relief numerous times, once his judgment became final.  Hence, Petitioner's request for Rule 59(e) relief is inappropriate.

Accordingly, Petitioner is not eligible for relief under Fed. R. Civ. P. 59(e) and his motion should be denied.  Reasonable jurists would not debate this court's disposition of Petitioner's motion; therefore, to the extent a certificate of appealability is viable in the procedural posture of this case, one should not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  I make the following:

---

[1] When the district court entered judgment in this case, the allotted time to file a Rule 59(e) motion was ten days; the deadline is now twenty-eight days, the rule having been amended in 2009.  *See* Fed. R. Civ. P. 59 (Advisory Committee Note for 2009 Amendments).

## RECOMMENDATION

**AND NOW**, this 25th day of February, 2015, for the reasons contained in the preceding Report, it is hereby **RECOMMENDED** that Petitioner's Fed. R. Civ. P. 59(e) motion **DENIED**. Petitioner has not demonstrated that any reasonable jurist could find this court's ruling debatable, nor shown denial of any federal constitutional right; hence, there is no probable cause to issue a certificate of appealability, if one is viable.

Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served with a copy of it.  *See* Local R. Civ. P. 72.1(IV).  Failure to file timely objections may constitute a waiver of any appellate rights.

It be so **ORDERED**.

*/s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
Chief United States Magistrate Judge