# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM TURNER,<br>    Petitioner, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 99-CV-3975 |
| MARTIN DRAGOVICH, *et al.*,<br>    Respondents. | :<br>:<br>: |

## MEMORANDUM

**SCHMEHL, JEFFREY L.   /s/ JLS**                                                              October  12, 2018

      Petitioner filed his fifth motion for relief from judgment pursuant to Federal Rule of Civil Procedure Rule 60(b) on April 2, 2018.  (ECF No. 71.)  Petitioner filed his petition for *habeas corpus* relief in this matter on August 6, 1999.  (ECF No. 1.)  The petition was denied and dismissed on July 25, 2000.  (ECF No. 21.)  Petitioner filed his first Rule 60(b) motion on December 11, 2003. (ECF No. 31.)  This Court denied that motion on August 9, 2004.  (ECF No. 34.)   Petitioner filed his second Rule 60(b) motion on May 30, 2006. (ECF No. 43.)  His second Rule 60(b) motion was denied on June 12, 2006. (ECF No. 44).  Petitioner's third Rule 60(b) motion was filed and denied on May 30, 2006, and June 12, 2006, respectively.  (ECF Nos. 43, 44.)  The United States Court of Appeals for the Third Circuit denied Petitioner's request to file a second or successive petition for *habeas corpus* relief on May 28, 2010. (ECF No. 56.)  On June 27, 2013, Petitioner filed his fourth motion for Rule 60(b) relief.  (ECF No. 58.)  This Court denied that motion on March 28, 2014.  (ECF No. 61).  Petitioner subsequently filed a motion for relief pursuant to Federal Rule of Civil Procedure 59(e) on April 7, 2014, (ECF No. 62), which was denied on March 12, 2015.  (ECF. No. 71.)

      In the instant motion Petitioner briefly claims that he is actually innocent of the crimes he was convicted of committing.  He relies upon *Satterfield v. District Attorney of Philadelphia*,

872 F.3d 152 ( 3d Cir. 2017) in support of his position that he is entitled to Rule 60(b) relief. In *Satterfield* the Third Circuit examined the application of the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383, 133 S.Ct. 1924 (2013). In *McQuiggin,* the Supreme Court held that a convincing showing of actual innocence may overcome the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). 569 U.S. at 386. However, *McQuiggin* also held that for the untimeliness of a *habeas* petition to be excused under the fundamental miscarriage of justice exception a petitioner must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" and "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id*. at 386, 401.

In *Satterfield*, the Third Circuit reversed the denial of a Rule 60(b) motion filed by a petitioner who claimed that *McQuiggin* was a change in law which constituted extraordinary circumstances and justified relief under Rule 60(b). 872 F.3d at 155. The Third Circuit remanded to the district court and directed a full consideration of equitable circumstances because the panel considered that the district court had not "articulate[d] the requisite equitable analysis." *Id.* The Third Circuit directed that on remand the district court consider:

> The nature of the change in decisional law must be weighed appropriately in the analysis of pertinent equitable factors. *McQuiggin* implicates the foundational principle of avoiding the conviction of an innocent man and attempts to prevent such a mistake through the fundamental miscarriage of justice exception. If [the petitioner] can make the required credible showing of actual innocence to avail himself of the fundamental miscarriage of justice exception had *McQuiggin* been decided when his petition was dismissed, equitable analysis would weigh heavily in favor of deeming *McQuiggin's* change in law, as applied to [the petitioner]'s case, an exceptional circumstance justifying Rule 60(b) relief.

*Id.*

Despite his assertions to the contrary, Petitioner has not demonstrated extraordinary circumstances which warrant granting the requested relief.  Petitioner has not presented evidence or otherwise demonstrated that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Neither *Satterfield* nor *McQuiggin* altered the requirement that a petitioner seeking Rule 60(b) relief must show extraordinary circumstances. *See, Gonzalez v. Crosby*, 126 S.Ct. 2641, 2647-48 (2005).  Therefore, there is no reason to disturb this Court's judgment of July 25, 2000, in which the petition for *habeas corpus* relief filed in this matter was denied and dismissed.

A certificate of appealability will not issue because reasonable jurists would not debate the correctness of this Court's procedural ruling. *See, Slack v. McDaniel*, 529 U.S. 473, 484 (2000).