IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM TURNER, | : | |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 99-CV-3975 |
| | : | |
| MARTIN DRAGOVICH, *et al.*, | : | |
|     Respondents. | : | |

**MEMORANDUM**

**Schmehl, J.**   /s/ JLS     **August 14, 2019**

On October 12, 2018, Petitioner filed his motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 76.) Petitioner filed his petition for *habeas corpus* relief in this matter on August 6, 1999. (ECF No. 1.) The petition was denied and dismissed on July 25, 2000, (ECF No. 21) and on August 17, 2002, the Third Circuit affirmed that decision. Next, on December 8, 2002, the United States Supreme Court denied *certiorari*. *Turner v. Shannon*, 537 U.S. 1073 (2002).

Petitioner filed his first Rule 60(b) motion on December 11, 2003. (ECF No. 31.) This Court denied that motion on August 9, 2004. (ECF No. 34.) Petitioner filed his second Rule 60(b) motion on May 30, 2006. (ECF No. 43.) His second Rule 60(b) motion was denied on June 12, 2006. (ECF No. 44). Petitioner's third Rule 60(b) motion was filed and denied on May 30, 2006, and June 12, 2006, respectively. (ECF Nos. 43, 44.) The United States Court of Appeals for the Third Circuit denied Petitioner's request to file a second or successive petition for *habeas corpus* relief on May 28, 2010. (ECF No. 56.) On June 27, 2013, Petitioner filed his fourth motion for Rule 60(b) relief. (ECF No. 58.) This Court denied that motion on March 28, 2014. (ECF No. 61). Petitioner subsequently filed a motion for relief pursuant to Federal Rule of Civil Procedure 59(e) on April 7, 2014, (ECF No. 62), which was denied on March 12, 2015.

(ECF No. 71.) Petitioner then filed his fifth motion for relief from judgment pursuant to Federal Rule of Civil Procedure Rule 60(b) on April 2, 2018. (ECF No. 71.) This Court denied that motion on October 12, 2018. (ECF No. 77.)

First, it is important to note that the instant motion is a motion under rule 59(e), not a motion under rule 60(b). Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed.R.Civ.P. 59(e). Conversely, Rule 60(b) allows for the filing of a motion for relief from "a final judgment, order or proceeding" for certain reasons, and must be filed "within a reasonable time." Fed.R.Civ. P. 60. "Although motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose. Rule 60(b) provides six bases for reconsideration, including mistake, inadvertence, surprise, or excusable neglect as alleged by [movant]. In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a device to relitigate the original issue decided by the district court and used to allege legal error." *Stroud v. Boorstein*, 2014 WL 2957708, at * 2 (E.D. Pa. June 30, 2014); *citing United States v. Fiorelli,* 337 F.3d 282, 288 (3d Cir.2003).

Accordingly, Rule 59(e) allows the district court a very limited timeframe, before the time to appeal the judgment expires, to correct any mistakes the court may have made in rendering the judgment. *See Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011). The judgment at issue here is the order dated July 25, 2000, that adopted the Magistrate Judge's Report and Recommendation as to Petitioner's habeas petition. Petitioner's time to file a 59(e) motion as to his judgment in this matter has long since passed. Over the years, Petitioner has appealed his judgment and filed numerous 60(b) motions, but he cannot be granted relief under Rule 59(e) now, over nineteen years after the judgment became final.

Further, even if we would give Petitioner the benefit of the doubt and treat his motion as timely, it must nevertheless be denied. Petitioner argues that this court has misinterpreted *Satterfield v. District Attorney of Philadelphia*, 872 F.3d 152 (3d Cir. 2017) on the issue of actual innocence and failed to address *Buck v. Davis*, 137 S.Ct. 759 (2017) in deciding his motion for 60(b) relief.

A motion filed under Rule 59(e) is treated as a motion for reconsideration. *See Barner v. Williamson*, 461 F. App'x 92, 97 (3d Cir.2012); *Peterson v. Brooks*, 2008 WL 4072700, at *1 (E.D.Pa. Aug.29, 2008). Three situations justify granting a motion for reconsideration under Rule 59(e): (1) an intervening change in the controlling law; (2) the availability of new evidence not available when the court issued the judgment; or (3) the need to correct a clear error of law or fact or to prevent "manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D.Pa. March 27, 1995).

Petitioner's argument fails when analyzed under any of the three situations in which reconsideration may be granted. He is not arguing an intervening change in controlling law, nor is he claiming the availability of new evidence. He seems to be arguing that the Court committed an error of law in its analysis of his 60(b) motion. This argument is incorrect, as the Court correctly and thoroughly analyzed Petitioner's claim under *Satterfield* in its opinion. Further, the Court took all relevant caselaw into consideration when denying Petitioner's 60(b) motion, including *Buck v. Davis*. The Court notes that the mere fact that Petitioner disagrees with our resolution of the legal issue contained in his habeas petition is not a clear error of law that would entitle him to reconsideration. *See Reich v. Compton,* 834 F.Supp. 753, 755 (E.D. Pa. 1993)

(*citing Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. June 2, 1992) ('[A]ny litigant considering bringing a motion to reconsider based upon ... [clear error and manifest injustice] should evaluate whether what may seem to be a clear error of law is in fact simply a disagreement between the Court and the litigant.' ).

Therefore, as discussed above, there is no reason to disturb this Court's judgment of July 25, 2000, in which the petition for *habeas corpus* relief filed in this matter was denied and dismissed. A certificate of appealability will not issue because reasonable jurists would not debate the correctness of this Court's ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).